

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,477-01

**EX PARTE RODNEY KEITH RODGERS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 42593CR/A IN THE 443RD DISTRICT COURT
### FROM ELLIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his sentence is illegal because cause numbers F-9652378-IW and F-9652378-HW, driving while intoxicated convictions alleged as jurisdictional enhancements in the indictment, are the same conviction.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond and state whether he (1) investigated the jurisdictional enhancements in the indictment, (2) learned that the jurisdictional enhancements were the same conviction, (3) explained to Applicant before he pleaded guilty that the jurisdictional enhancements were objectionable, and (4) believed Applicant pleaded guilty knowing that the jurisdictional enhancements were the same conviction and therefore objectionable. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing trial counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether Applicant should be estopped from arguing that his sentence is illegal because he pleaded guilty and accepted the benefits of a plea agreement knowing that the jurisdictional enhancements in the indictment were the same conviction and therefore objectionable. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.


Filed: March 20, 2019
Do not publish